FILED'10 MAR 05 10:07 USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

LESLIE DELOREAN                )
                               )
            Plaintiff,         )    Civ. No. 10-3021-CL
                               )
                               )        **ORDER**
    v.                         )
                               )
FIRST HORIZON HOME LOANS,      )
MERS AND DOES 1-10,            )
                               )
            Defendants.        )

**PANNER, J.**

Pro se plaintiff Leslie Delorean petitions for *in forma pauperis* status and moves for an *ex parte* temporary restraining order. I grant the petition to proceed *in forma pauperis* and deny the motion for a temporary restraining order.

**I.  *In Forma Pauperis* Status**

A party seeking to bring a civil action in this court must pay a filing fee of $350. 28 U.S.C. § 1914. A civil action may

1 - ORDER

proceed without the prepayment of a filing fee only if the court grants an application to proceed in forma pauperis. § 1915(a).

This court has discretion in deciding whether to grant in forma pauperis status. See O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); O'Loughlin, 920 F.2d at 617. A litigant must show that he or she "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Litigants are not required to contribute their "last dollar" or "make themselves and their dependents wholly destitute." Id.

Here, plaintiff states she is not employed but does not state the date of her last employment or her salary while previously employed. Plaintiff receives some money from used book sales but does not state how much money she receives from these sales. Plaintiff states she has $100.00 in checking and savings accounts. I conclude that plaintiff qualifies for in forma pauperis status.

///
///

2 - ORDER

## II. Temporary Restraining Order

The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. Proc. 65(b)(1)(A). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Ca. 1995).

Nowhere in the 42-page complaint or in her motion for a temporary restraining order does plaintiff explicitly state that defendants have actually initiated foreclosure proceedings. Likewise, plaintiff does not reveal the date her home will be sold, or even if it will be sold at all absent a temporary restraining order. Even assuming, for the purpose of this

3 - ORDER

motion, that plaintiff is likely to succeed on the merits of her complaint, she has not yet demonstrated any imminent harm.

For example, plaintiff's complaint is "to estop defendants['] possible sale or disposal of [plaintiff's real estate]." (Complaint, 1.) Defendants threatened "to take the 'property' by sale." Id. at 5. "Plaintiff is requesting as to who has the original signed, and sealed promissory note executed by Plaintiff in reference to the 'property.' This must be answered." Id. at 6. "Plaintiff is requesting that defendants prove that they are following GAAP and will let their books and records be produced as evidence of this." Id. at 7.

Plaintiff makes similar requests in the Motion for Restraining Order With Points and Authorities ("MTRO"). **"FIRST HORIZON HOME LOANS,** has repeatedly refused to document and verify an obligation which Plaintiff may owe." (MTRO, 2)(emphasis in original). None of these allegations demonstrate imminent harm justifying an ex parte temporary restraining order.

Because plaintiff is *pro se*, the court reminds plaintiff that a preliminary injunction may be issued only upon notice to defendants. Fed. R. Civ. Proc. 65(a)(1). On a related note, plaintiff must properly serve defendants or risk the dismissal of her complaint. Fed. R. Civ. Proc. 4(m), 41(b).

///

///

4 - ORDER

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* is GRANTED. Plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

DATED this 5 day of March, 2010.

*(signed)* Owen M. Panner

OWEN M. PANNER
U.S. DISTRICT JUDGE

- ORDER