FILED'10 OCT 7 15:02 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LESLIE DELOREAN,                         Civil No. 10-3021-CL

       Plaintiff,                         REPORT AND RECOMMENDATION

      v.

FIRST HORIZON HOME LOANS; MERS;
and QUALITY LOAN SERVICE,

       Defendants.

CLARKE, Magistrate Judge:

      Plaintiff Leslie Delorean, who is proceeding pro se, has filed a first amended complaint "to Estop Defendants Possible Sale or Disposal of Real Property" "Without Ownership Papers-Promissory Note," alleging violations of various statutes. Plaintiff seeks return of ownership of her property unencumbered by any lien, notes or monetary attachment, a court order that there be no sale of the subject property without a lawful promissory note produced, compensatory damages, and the return of all monies paid into the account during the life of the loan. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331. The court denied plaintiff's motion for temporary restraining order (#6), filed at

Report and Recommendation - Page 1

the time she filed her original complaint. Before the court is defendants' motion to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) (#19), to which plaintiff has responded. Other motions filed by plaintiff have been held in abeyance pending resolution of defendants' motion. For the reasons explained below, defendants' motion should be granted.

## LEGAL STANDARDS

The court may dismiss an action as a matter of law under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts under a cognizable legal claim. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). The court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Am. Family Ass'n, Inc. v. City of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). The factual allegations, taken as true, must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

Report and Recommendation - Page 2

Neither <u>Iqbal</u> nor <u>Twombly</u> altered the court's treatment of pro se pleadings. <u>Hebbe v. Pliler</u>, 611 F.3d 1202, 1205 (9th Cir. 2010). Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), and complaints by pro se plaintiffs are liberally construed, <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

Federal Rules of Civil Procedure Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim, and a demand for judgment for the relief plaintiff seeks. It does not require extensive or technically precise pleadings, but does require the presentation of factual allegations with sufficient clarity and certainty to enable defendant to determine the basis of plaintiff's claim and to formulate a responsive pleading. <u>Edwards v. N. Am. Rockwell Corp.</u>, 291 F. Supp. 199, 211 (C.D. Cal. 1968). The purpose of the rule is to give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. <u>Velasquez v. Senko</u>, 643 F. Supp. 1172 (N.D. Cal. 1986).

## DISCUSSION

Although difficult to discern, it appears that plaintiff's amended complaint arises from her allegation that defendants be ordered to stop sale or disposal of her real property due to their "unlawful attempt to fraudulently collect money on the named property without proof of rightful ownership by the Defendants." (Am. Compl. at 4.) Plaintiff

Report and Recommendation - Page 3

cites various legal theories, statues, and cases, including lengthy quotations, throughout her 46-page amended complaint. However, plaintiff's complaint allegations are confusing and offer no more than conclusory statements that defendants are somehow acting unlawfully. Plaintiff's response to defendants' motion does not clarify the purported claims she asserts she is alleging.

The court has reviewed plaintiff's amended complaint and response to defendant's motion and the statutes and legal theories cited by plaintiff and finds that she alleges no facts which support statement of any legal claim for relief. Defendants' motion to dismiss should be granted, and plaintiff should be given leave to amend her complaint to allege, in compliance with Rule 8(a), a short and concise statement of her claim or claims against each defendant.

## RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to dismiss (#19) be granted, and it is also recommended that plaintiff be given twenty (20) days from the date of this court's Order to amend her complaint if allowed by the Order and that, if no amended complaint is filed, this case will be dismissed. The motions filed by plaintiff which have been held in abeyance by the Court will remain in abeyance pending further proceedings in this Court.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

Report and Recommendation - Page 4

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by October 26, 2010. If objections are filed, any response to the objections are due by November 12, 2010, see* Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __7__ day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE