FILED'10 NOV 15 9:33USDC-ORN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LESLIE DELOREAN | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 10-3021-CL |
| | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| FIRST HORIZON HOME LOANS, | ) | |
| MERS AND DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, J.**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation ("R & R") [#28], and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). On October 26, plaintiff filed a Notice of Amended Complaint and Request For Summary Judgment On Pleadings [#30], which I construe

1 - ORDER

as objections to the R & R.[1] Accordingly, I have reviewed the file of this case *de novo*. See 28 U.S.C. § 636(b)(1)(c); <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the R & R is correct.

Plaintiff is advised that a complaint need not contain citation to case law. A complaint, as stated in Fed. R. Civ. P. 8(a) and noted in the R & R, need only contain a short and concise statement of the facts giving rise to plaintiff's claims. Plaintiff's amended complaint, while citing ample case law, contains almost no specific factual allegations relating to this particular defendant. Plaintiff must, at a minimum, enable the defendant and the court to determine what claims plaintiff raises. Plaintiff's Memorandum of Points and Authorities, Argument of the Plaintiff, and Case Law sections, significantly add to the length of the complaint yet detract from the complaint's clarity.

It is clear that plaintiff has exercised substantial ingenuity in the preparation of this complaint. Rather than (apparently) cutting and pasting various legal arguments from various sources, plaintiff may well be better off by simply alleging how this particular defendant harmed her. For example,

---

[1] To the extent plaintiff's filing is a Second Amended Complaint or Motion for Summary Judgment, it is not referenced in the R & R and - like defendant's motion to dismiss [31] - is not subject to this order.

2 - ORDER

if plaintiff feels defendant is conducting a wrongful foreclosure, plaintiff should simply say so. Is defendant harming plaintiff because defendant lacks the "note?" Did defendant violate the Fair Debt Collection Reporting Act? If so, how?

Succinct factual allegations, as opposed to numerous pages of legal citations relating to numerous different legal theories, may allow the defendant and the court to determine the basis of defendant's claims. Only after the defendant and court determine the basis of plaintiff's claims will the parties potentially proceed to the merits of those claims. Following the factual allegations, plaintiff may wish to separately state each particular claim to relief raised.

## CONCLUSION

Magistrate Judge Clarke's R & R [#28] is adopted. Plaintiff is granted 20 days to file an amended complaint. Failure to file an amended complaint will result in dismissal with prejudice.

IT IS SO ORDERED.

DATED this 15 day of November, 2010.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER