FILED'11 JUN 7 13:55USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**LESLIE DELOREAN,**                                    Civil No. 10-3021-CL

        Plaintiff,                            **REPORT AND RECOMMENDATION**

v.

**FIRST HORIZON HOME LOANS;**
**MERS; and QUALITY LOAN SERVICE,**

        Defendants.

CLARKE, Magistrate Judge:

    Plaintiff Leslie Delorean, who is proceeding pro se, filed a second amended complaint

(#36) after the court dismissed her first amended complaint and allowed her to file an amended

complaint.   Plaintiff seeks return of title to her property without any encumbrances, and payment

of the invested monies paid to defendants.[1]   This court has jurisdiction pursuant to 28 U.S.C. §

1331.  At the commencement of this case in March 2010, the court denied plaintiff's motion for

temporary restraining order (#6).  Defendants have filed a renewed motion to dismiss plaintiff's

---

   [1] Defendants represent in their motion to dismiss that a sale by non-judicial foreclosure of
plaintiff's property was scheduled for April 26, 2010.  (Defs. Renewed Mot. at 1.)

second amended complaint (#37) pursuant to Federal Rules of Civil Procedure 12(b) on the ground that plaintiff fails to state a claim upon which relief can be granted. Plaintiff has filed other documents with the court since defendants filed their motion to dismiss, but she has not filed any response to defendants' motion.[2] Other motions filed by plaintiff have been held in abeyance pending further order of the court. For the reasons explained below, defendants' motion to dismiss should be granted.

## LEGAL STANDARDS

In considering whether a complaint states a claim for relief under Rule 12(b)(6), the factual allegations, taken as true, must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, the court accepts the complaint allegations of material fact as true and construes these allegations in favor of the non-moving party. N. County Cmty.

---

[2] The certificate of service attached to defendants' motion shows that plaintiff was served at her address of record.

Alliance, Inc. v. Salazar, 573 F.3d 738, 741-42 (9th Cir. 2009), cert. denied, ___ U.S. ___, 130 S.
Ct. 2095 (2010).  The court may also consider any document whose authenticity is not
questioned which are attached to or incorporated by reference into the complaint.  Coto
Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).  Any allegations in the complaint
which contradict these documents need not be accepted as true by the court.  Lazy Y Ranch Ltd.
v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Neither Iqbal nor Twombly altered the court's treatment of pro se pleadings.  Hebbe v.
Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  Complaint allegations of pro se plaintiffs are
held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404
U.S. 519, 520-21 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and
complaints by pro se plaintiffs are liberally construed, Karim-Panahi v. Los Angeles Police
Dept., 839 F.2d 621, 623 (9th Cir. 1988).  A pro se litigant should be given leave to amend his
complaint unless it is absolutely clear that no amendment could cure the deficiencies of the
complaint.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Barrett v.
Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

Federal Rules of Civil Procedure Rule 8(a) requires that a complaint set forth a short and
plain statement of the grounds for the court's jurisdiction, a short and plain statement of the
claim, and a demand for judgment for the relief plaintiff seeks. It does not require extensive or
technically precise pleadings, but does require the presentation of factual allegations with
sufficient clarity and certainty to enable defendant to determine the basis of plaintiff's claim and
to formulate a responsive pleading.  Edwards v. N.  Am. Rockwell Corp., 291 F. Supp. 199, 211
(C.D. Cal. 1968).  The purpose of the rule is to give  defendant fair notice of what plaintiff's

Report and Recommendation - Page 3

claim is and the grounds upon which it rests.  Velasquez v. Senko, 643 F. Supp. 1172 (N.D. Cal. 1986).

## DISCUSSION

Defendants contend that it is still impossible to discern what plaintiff is alleging against them and they are unable to form a responsive pleading.  Plaintiff alleges that she presents a more definitive statement of her causes of action for which relief can be granted.[3]

### 12 U.S.C.

In her first identified cause of action, plaintiff alleges: "Defendant's sold a Promissory Note, the personal credit of the Plaintiff without her written permission and used her Note to pay off the acquired property thereby not having a vested interest as no Bank money was used in violation of 12 U.S.C. which states Banks cannot lend credit," and cites certain cases.  (Second Am. Compl. at 2.)

On the facts alleged in this case which concerns a promissory note and deed of trust securing the note, the court cannot discern what claim plaintiff is attempting to plead, and plaintiff has not filed any response to defendants' motion which explains or elaborates on her allegations in this regard.  Defendant's motion should be dismissed and this claim should be dismissed.

//

//

---

[3] Plaintiff states that she has marked her causes of action with an "*." (Second Am. Compl. at 1.)

### GAAP

Identified as a cause of action by plaintiff, plaintiff alleges that, "Defendants' violated GAAP and entered Plaintiff's mortgage on their books as an asset using Plaintiff's Note which was already sold." (Second Am. Compl. at 2.)

"GAAP" stands for Generally Accepted Accounting Principles. Such principles are promulgated by private actors and have no independent legal force on their own. Plaintiff does not identify a statute or regulation which requires defendants to follow GAAP in the context of this case and the court is not aware of any such law which would require that a failure to comply with GAAP states any claim for which relief may be granted. To the extent that plaintiff seeks to state a claim for violation of GAAP, defendants' motion to dismiss should be granted.

### Uniform Commercial Code

Plaintiff alleges in her cause of action section that, "The payment to the proper party as Holder in Due Course per UCC reads 3-302 to 3-308 the Bank is not the Holder in Due Course of the Note." (Second Am. Compl. at 2.) She alleges that defendants are in violation of "several UCC's." (Second Am. Compl. at 7.) In other allegations, plaintiff alleges that the borrower has a right to know who the holder in due course of her original promissory note is to pay the correct holder of the mortgage. She then refers to an argument made by defendants that "the note isn't necessary," which she claims is a false statement. (Second Am. Compl. at 7.) Plaintiff alleges that defendant First Horizon Home Loans is the lender of record and only it can foreclose upon the loan.

//

Report and Recommendation - Page 5

Defendants have argued in this case that there is no requirement under the Oregon Trust Deed Act (OTDA) that plaintiff has to be shown the original note as part of the foreclosure process.

Plaintiff appears to be alleging that defendant Bank is not the holder in due course and, therefore, lacks authority to take plaintiff's mortgage payments and/or to enforce the negotiable instrument.

Chapter 73 of the UCC which governs negotiable instruments, provides in pertinent part that,

> "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to ORS 73.0309 [because the instrument is lost, destroyed or stolen] . . . . A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

ORS 73.0301. The UCC does not require defendant to present the original note as it appears plaintiff claims. Id.; see ORS 86.705 et seq. Nor does the OTDA require presentment of the note or other proof of "real party in interest or "standing," other than the deed of trust, to proceed with a non-judicial foreclosure. Stewart v. Mortg. Elec. Registration Sys., Inc., No. CV. 09-687-PK, 2010 WL 1055131, at *12 (D. Or. Feb. 9, 2010), adopted by order, 2010 WL 1054775 (D. Or. Mar. 19, 2010); McDaniel v. BAC Home Loans Servicing, LP, No. 10-6143-HO, 2011 WL 1261387, at *3 (D. Or. Mar. 31, 2011) (citing ORS 86.705 to ORS 86.795); Tabb v. One West Bank (Indymac), No. CV-10-855-ST, 2010 WL 5684402, at *5 (D. Or. Nov. 1, 2010), adopted by order, 2011 WL 344593 (D. Or. Jan. 31, 2011).

To the extent that plaintiff attempts to state a UCC claim against defendants based upon a failure to present the original note, the claim should be dismissed.

**Truth in Lending Act**

Plaintiff alleges in her cause of action section: "Violation of the Truth in Lending Law. Facts of Loan fraudulent." (Second Am. Compl. at 2.)

The purpose of the Truth in Lending Act (TILA) is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). TILA requires creditors provide consumers with clear and accurate disclosures of loan terms such as finance charges, annual percentage rates of interest, and the borrower's rights. See 15 U.S.C. §§ 1631, 1632, 1635, 1638; Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).

The court is unable to discern any factual allegations in plaintiff's second amended complaint which relate to any alleged failure by defendant First Horizon Home Loans, as the lender of record according to plaintiff, to disclose terms of her loan, and plaintiff has not responded to defendants' motion to dismiss to so inform the court. To the extent that plaintiff attempts to plead a claim under TILA based upon the allegations if her complaint, the claim should be dismissed.

**RESPA**

Plaintiff alleges violation of RESPA, the Real Estate Settlement Procedures Act, and "Failure of Bank and Attorneys to timely answer RESPA Affidavit and Summons and Complaint." (Second Am. Compl. at 2.) In other allegations, plaintiff alleges that Defendants do

not have standing because they have not at any time answered various requests under Federal laws, citing RESPA, and that the RESPA request cites a 60-day limit on answers and penalties for not answering.

It appears that plaintiff may be attempting to state a claim under 12 U.S.C. § 2605 relating to servicing of mortgage loans for failure to respond to one or more "qualified written requests" (QWRs). A QWR under RESPA is "a written correspondence" from the borrower to the servicer–"the person responsible for servicing of a loan"--stating reasons for the borrower's belief that "the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B); 12 U.S.C. § 2605(i)(2). In response to such inquiry, the servicer must take certain actions, first within twenty days of receipt of the QWR, and then within sixty days. 12 U.S.C. § 2605(e)(2); Kelly v. U.S. Bank, Civ. No. 08-1421-AC, 2010 WL 4135028, at *11 (D. Or. July 29, 2010), adopted by order, 2010 WL 4116754 (D. Or. Oct. 14, 2010). However, the duty of the servicer to respond arises when it receives a QWR from the borrower "for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). "Servicing" is defined by statute as " receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

Plaintiff may be able to state a claim under RESPA but, as presently pleaded, plaintiff's allegations are conclusory without any supporting facts alleged. She does not identify the servicer of her loan and her claim is alleged against all defendants. To the extent that plaintiff

attempts to state a claim for violation of RESPA based upon an alleged failure to respond to a request sent by plaintiffs, such claim should be dismissed.

**Trust Deed Provisions**

In her last identified cause of action for relief, plaintiff merely sets out language in the trust deed which she signed. She alleges that the deed of trust provides that, "The note or a partial interest in the Note **together** with this Security Instrument can be sold one or more times without prior notice to Borrower."[4] (Pl. Second Am. Compl. at 2.) Plaintiff repeats the language of the trust deed provision in other allegations in her complaint and goes on to allege that, although defendants assert that her note can be sold without her permission, her position is that the note and deed of trust were bifurcated: "The Note was sold to payer the seller of the property and the Deed of trust was assigned to MERS." (Pl. Second Am. Compl. at 6.) She also alleges that, "For there to be a valid assignment for purposes of foreclosure both the note and the deed of trust must be assigned." (Pl. Second Am. Compl. at 6.)

Loan practice involving MERS (the Mortgage Electronic Registration System), a defendant in this case, has been described as follows:

> In 1993, the Mortgage Bankers Association, Fannie Mae, Freddie Mac, the Government National Mortgage Association (Ginnie Mae), the Federal Housing Administration, and the Department of Veterans Affairs created MERS. MERS provides "electronic processing and tracking of [mortgage] ownership and transfers."' Mortgage lenders, banks, insurance companies, and title companies become members of MERS and pay an annual fee. They appoint MERS as their agent to act on all mortgages that they register on the system. A MERS mortgage is recorded with the particular county's office of the recorder with 'Mortgage Electronic Registration System, Inc.' named as the lender's nominee or mortgagee

---

[4] The court notes that this language appears to contradict plaintiff's allegation in her first cause of action in which she alleges that defendants sold her promissory note without her written permission.

of record' on the mortgage. The MERS member who owns the beneficial interest may assign those beneficial ownership rights or servicing rights to another MERS member. These assignments are not part of the public record, but are tracked electronically on MERS's private records. Mortgagors are notified of transfers of servicing rights, but not of transfers of beneficial ownership.

Gerald Korngold, Legal and Policy Choices in the Aftermath of the Subprime and Mortgage Financing Crisis, 60 S.C. L. Rev. 727, 741-42 (2009) (footnotes omitted); see also, Christopher L. Peterson, Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System, 78 U. Cin. L. Rev. 1359, 1368-74 (2010).

The security for a promissory note, generally the deed of trust, is "merely an incident to the debt." West v. White, 307 Or. 296, 300 (1988). It is a "longstanding rule that the trust deed or mortgage generally follows the note." Hooker v. Nw. Trustee Servs., Inc., Civ. No. 10-3111-PA, 2011 WL 2119103, at *4 (D. Or. May 25, 2011) (citing Carpenter v. Longan, 83 U.S. 271, 274 (1872); U.S. Nat'l Bank of Portland v. Holton, 99 Or. 419, 427-29 (1921)); see Rinegard-Guirma v. Bank of Am., Civil No. 10-1065-PK, 2010 WL 3945476 (D. Or. Oct. 6, 2010) (noting cases which have stated that "when the note and deed of trust are split, the transfer of the deed of trust in ineffective."). "'The assignment of a mortgage independent of the debt which it is given to secure, is an unmeaning ceremony.'" U.S. Nat'l Bank of Portland, 99 Or. at 428 (and cases cited).

Here, the details of plaintiff's mortgage loan transaction and any history are not before the court.[5] It is possible that plaintiff may be able to state a claim for wrongful foreclosure under state law, but her present conclusory allegations are without necessary facts to support a claim

---

[5] Plaintiff refers to a "Forensic Audit" attached as Exhibit A, but there is no attachment to the second amended complaint.

and are not sufficient to state a claim for relief. Defendants' motion to dismiss should be granted as to this cause of action.

**Conclusion**

Although plaintiff has shortened her complaint considerably, plaintiff includes sections headed "Memorandum of Points and Authorities" and "Case Law" which comprise about half of plaintiff's second amended complaint. However, other than conclusory statements of what she presents as her causes of action, plaintiff does not include the needed allegations of fact from which defendants and the court can ascertain how she believes either of the named defendants has harmed her. In allowing plaintiff to amend her complaint, District Judge Panner informed plaintiff that a complaint need contain only a short and concise statement of the facts giving rise to plaintiff's claims against defendants. She was informed that she may be better off "by simply alleging how this particular defendant harmed her." (#32 Order at 2.) As presently pleaded, plaintiff's complaint allegations offer no more than conclusory statements against defendants.

The court notes that plaintiff's second amended complaint includes a request for summary judgment. Plaintiff has filed several motions for summary judgment which have been held in abeyance by the court. Until defendants and the court can determine that plaintiff states any claim for relief against any or all defendants, the merits of the possible claim or claims of plaintiff cannot be considered.

Defendants' motion to dismiss should be granted. Plaintiff should be given leave to amend her complaint to allege, in compliance with Rule 8(a), facts which support a short and concise statement of her claim or claims against each defendant.

Report and Recommendation - Page 11

## **RECOMMENDATION**

Based on the foregoing, it is recommended that defendants' renewed motion to dismiss plaintiff's second amended complaint (#37) be granted, and it is also recommended that plaintiff be given twenty (20) days from the date of this court's Order to amend her complaint if allowed by the Order and that, if no amended complaint is filed, this case will be dismissed. The motions filed by plaintiff which have been held in abeyance by the Court will remain in abeyance pending further proceedings in this Court.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by June 27, 2011. If objections are filed, any response to the objections are due by July 14, 2011, see* Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __7__ day of June, 2011.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - Page 12