IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**LESLIE DELOREAN,**

Plaintiff,

v.

**FIRST HORIZON HOME LOANS;
MERS; and QUALITY LOAN SERVICE,**

Defendants.

Civil No. 10-3021-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge:

Plaintiff Leslie Delorean, who is proceeding pro se, filed a "Notice of Second Amended Complaint and Request for Summary Judgment on Pleadings 12(b)(6); and Previously Submitted Forensic Evidence Not Rebutted by Defendants; Memorandum of Points and Authorities" (#49) after the court dismissed her second amended complaint and allowed her to file an amended complaint (#41, #47). Defendants have filed a motion to strike plaintiff's pleading (#50) pursuant to Federal Rules of Civil Procedure 12(f). Plaintiff has not filed any response to

Report and Recommendation - Page 1

defendant's motion.[1] For the reasons explained, defendants' motion should be granted.

## LEGAL STANDARDS

A motion to strike a pleading or parts of a pleading under Federal Rules of Civil Procedure 12(f) is permitted where the pleading alleges "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

## DISCUSSION

Defendants move to strike plaintiff's pleading on the ground that it fails to comply with the court's Order adopting Report and Recommendation to dismiss plaintiff's second amended complaint for failure to state a claim. Defendants contend plaintiff's pleading fails to address the deficiencies identified and attempts to re-argue the motion to dismiss and is, thus, non-responsive.

This court initially dismissed plaintiff's amended complaint with leave to amend (#28, #32), and later dismissed plaintiff's second amended complaint with leave to amend (#41, #47). Each time, the court noted plaintiff's lack of factual allegations in her complaint to support a claim for relief. The court stated, "Plaintiff's conclusory statements supported by quotations to case law apparently cut and pasted from various online sources does not include the necessary specific factual allegations to allow the court to determine how these specific defendants

---

[1] The certificate of service attached to defendants' motion shows that the motion was served on plaintiff at her address of record.

Report and Recommendation - Page 2

allegedly harmed plaintiff." (#47 Order at 3.) The court further stated that a failure to file an amended complaint will result in dismissal with prejudice.

The Court has addressed the deficiencies in the causes of action identified by plaintiff, and plaintiff has had several opportunities to cure these deficiencies. Despite this, plaintiff has not done so. Plaintiff's current pleading, which the court will refer to as plaintiff's third amended complaint, omits even the scant factual allegations included in prior complaints. Plaintiff includes some conclusory statements of purported wrongdoing but offers no facts in support. The majority of the pleading is argument.

In the circumstances, plaintiff's third amended complaint should be stricken and this case should be dismissed.

## RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to strike plaintiff's third amended complaint [docket #49] (#50) be granted, and it is also recommended that this action be dismissed.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by December 20, 2011. If objections are filed, any response to the objections are due by January 6, 2012*, see Federal Rules of Civil Procedure 72 and 6.

Report and Recommendation - Page 3

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 2 day of December 2011.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - Page 4